UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LONNIE AND SUSAN EVANICKY, § § § § § § § § § § § § § | |
| Plaintiffs, | |
| V. | Civil Action No._____ |
| DEANNE B. CRISWELL in her official capacity as Administrator of the FEDERAL EMERGENCY MANAGEMENT AGENCY | |
| Defendant. | |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Lonnie and Susan Evanicky ("Plaintiffs") bring this action for breach of contract in accordance with the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001-4129 (2012), seeking the payment of insurance proceeds wrongly withheld by Federal Emergency Management Agency ("FEMA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action and the Defendant Deanne B. Criswell in her official capacity as Administrator of FEMA, pursuant to 42 U.S.C. § 4072. Federal courts, like this Court, have original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

3. The Court has personal jurisdiction over Defendant under 42 U.S.C. § 4072 because a policy of flood insurance covering property that is located in this District was issued by FEMA as part of the National Flood Insurance Program ("NFIP") pursuant to the NFIA.

1

4. Venue is proper in this District pursuant to 42 U.S.C. § 4072, as Plaintiffs' insured property is located in this District.

## PARTIES

5. At all relevant times, Plaintiffs owned a house at 213 Maude Street, Wharton, Texas 77488.

6. Defendant Deanne B. Criswell is the Administrator of FEMA, an executive agency of the United States government housed within the Department of Homeland Security and responsible for the promulgation, administration, and enforcement of the challenged policy.

## PLAINTIFFS' FLOOD LOSS

7. Defendant sold to Plaintiffs a policy of flood insurance under the NFIP, bearing policy number SF00701150, which covered flood damages incurred between August 25, 2017, and August 25, 2018 (the "Policy").

8. Pursuant to 44 C.F.R. Sections 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy.

9. Pursuant to 44 C.F.R. Section 62.23 (i)(1), Defendant was and is responsible for adjusting claims in accordance with the NFIP Claims manuals.

10. Plaintiffs' property at 213 Maude Street, Wharton, Texas 77488, sustained significant flood damage as a result of Hurricane Harvey in August of 2017.

11. Plaintiffs paid all premiums when due, and the insurance Policy issued by Defendant was in full force and effect at the time of the loss.

12. The insurance Policy insures against "direct physical loss by or from flood to [] insured property." 44 C.F.R. Pt. 61, App. A(1), Art. I (2012).[1]

---

[1] The terms of Plaintiffs' insurance Policy conform to FEMA's Standard Flood Insurance Policy General Property Form, which is codified at 44 C.F.R. Part 61, Appendix A(1) (2016).

13. Plaintiffs have incurred and/or will incur significant expenses to restore the home to its pre-flood condition after the flood damage that occurred in August 2017.

14. Plaintiffs filed a claim on the insurance Policy with Defendant, which dispatched an adjuster to estimate the loss.

15. The adjuster prepared a damage estimate but failed to abide by the terms of the insurance Policy, and/or with NFIP claims manuals by improperly omitting and undervaluing covered losses from flood damage caused by Harvey to the Plaintiffs' Property.

16. Plaintiffs timely submitted a sworn Proof of Loss dated August 24, 2018, to Defendant. That Proof of Loss sought payment for $87,500.00, less prior payments.

17. The amount in the submitted Proof of Loss is based on a firsthand inspection and damage assessment prepared by Plaintiffs' experts. The Proof of Loss attached supporting documentation, which included a room-by-room, line-by-line, unit cost damage estimate. Plaintiffs' experts found that the flood damage greatly exceeded the amount and scope of the estimate prepared by Defendant's adjuster.

18. Defendant failed to pay Plaintiffs for all covered flood damage to the Property caused by Harvey.

19. The NFIP issued a partial denial letter to Plaintiffs on October 27, 2020, offering to pay only a fraction of Plaintiffs' covered Harvey flood loss.

20. Harvey flood caused every loss Plaintiffs have identified.

21. Defendant has no reasonable basis for refusing to pay for the Harvey flood losses for which Plaintiffs seek insurance proceeds.

22. Defendant has failed to comply with its obligation under the Policy, the NFIA, and NFIP guidelines by refusing to pay for the full amount of Plaintiffs' covered losses due to Harvey flood damage.

23. Plaintiffs have filed this suit to recover the balance owed under the insurance Policy, which Defendant has continued to wrongfully deny.

## COUNT I
## BREACH OF CONTRACT

24. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

25. Plaintiffs and Defendant entered into a contract for insurance coverage when Plaintiffs purchased and Defendant issued the insurance Policy.

26. Plaintiffs paid their Policy premiums and otherwise maintained the insurance Policy, which was in good standing at the time the Property sustained flood loss in August 2017.

27. Plaintiffs submitted a Proof of Loss, demanding payment. That Proof of Loss was timely and complied with all requirements of the insurance Policy.

28. Plaintiffs have complied with all obligations owed under the insurance Policy, including conditions precedent to recovery.

29. Defendant, however, has breached its contractual obligations by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented in Plaintiffs' sworn Proof of Loss.

30. Defendant's improper denial has harmed Plaintiffs by denying the money to which Plaintiffs are entitled under the terms of the insurance Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Issue a summons to Defendant;

2. Enter judgment for Plaintiffs in an amount not less than the Proof of Loss minus any amounts paid by the Defendant;

3. Award such attorneys' fees and costs as Plaintiffs may be entitled under the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

4. Award such other relief as the Court deems just and proper.

Respectfully submitted,

s/ Shane McClelland
Shane McClelland
TX Bar# 24046383
Attorney-in-Charge for Plaintiff
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax:    (832) 827-4207
Email: Shane@hmtrial.com

*Attorney for Plaintiffs*